IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLETUS OKOJIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: _____ |
| | ) JURY DEMANDED |
| | ) |
| TREVECCA HEALTHCARE | ) |
| D/B/A BETHANY HEALTH | ) |
| AND REHABILITATION CENTER | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, **CLETUS OKOJIE**, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff, CLETUS OKOJIE, brings this action against TREVECCA HEALTHCARE D/B/A BETHANY HEALTH AND REHABILITATION CENTER for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act with Amendments (ADAAA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, CLETUS OKOJIE, currently resides in Nashville, Tennessee and is a citizen of the United States.

1

**B. THE DEFENDANT**

3. Defendant, TREVECCA HEALTHCARE D/B/A BETHANY HEALTH AND REHABILITATION CENTER, is an employer of more than fifteen (15) persons who, at times relevant hereto, employed Plaintiff within the jurisdictional limits of the Middle District of Tennessee.

4. The Defendant is bound by the law and regulations concerning the ADAAA.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC, with the EEOC issuing a favorable determination on September 8, 2012. Subsequently, EEOC issued Plaintiff a notice of suit rights on February 21, 2014. This matter has been filed within 90 days thereafter, making it timely filed and administrative prerequisites have been exhausted.

6. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7. Defendant employed Plaintiff in the position of Certified Nursing Technician.

8. Because all the actions complained of took place after January 1, 2009, the definition of disability in this case is governed by the ADA Amendments Act of 2008, which greatly expanded that definition, and which requires that the terms be construed as broadly as possible. 42 U.S.C. §12102(4)(A).[1]

---

[1] The ADAAA, by its express terms, states that "disability" … shall be construed in favor of **broad coverage** of individuals…to the maximum extent permitted by the terms of this chapter. 42 U.S.C. §12102(4)(A).

2

9. Plaintiff has a "disability" as that term is defined by the ADAAA. Under the ADA amendments of 2009, the "regarded as" prong no longer involves an examination of major life activities; instead, the focus is upon one's "impairment."[2] Plaintiff has an "impairment" under the ADAAA—a longstanding physiological impairment to his back/lumbar region,[3] with ongoing pain, for which he is prescribed medication by his physician.[4] Additionally, Plaintiff sustained an impairment to his right upper extremity for which he takes the medication. Still, to the present date, Plaintiff requires the medication.

10. In June of 2011, Plaintiff sustained an injury to his hip while at work.

11. Pursuant to its employee handbook, Defendant sent Plaintiff to undergo a drug test following the injury at work.

12. Plaintiff advised Defendant that he takes a prescription medication, indicating his impairments as well as the medication.

13. Defendant's policies do not make the important distinction between *illegal drugs* and legal (prescribed) drugs. Defendant oversteps the law—enacting a blanket ban against any employee using validly prescribed prescription drugs while caring for patients.

14. After the drug test results were reported to Defendant, Defendant terminated Plaintiff *because of* his prescription medication for his impairment, couching the termination as a "failed drug test."

---

[2] Under the "regarded as" prong, an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this Act **because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity**. 42 U.S.C. §12102(3)(A)(emphasis added).

[3] "Physical impairment" includes back impairments. See 29 C.F.R.§12630.2(h)(2)(defining "physical or mental impairment").

[4] Moreover, without consideration of Plaintiff's mitigating measure of medication, Plaintiff would have an actual disability due to the pain and mobility difficulties he would experience.

15. Defendant completed a Termination Action Form stating "FAILED DRUG TEST." (Exhibit A). Defendant claimed the possibility of a transfer was discussed with Plaintiff "BUT CANNOT DUE TO INFRACTION." (Id.)

16. Plaintiff did not fail the drug screen due to use of *illegal (illicit) drugs* and Defendant never stated that he did. Again, its policy failed to distinguish illegal from legal drugs.

17. Moreover, Defendant knew Plaintiff took prescription medication for medical reasons—but to no avail.

18. The EEOC, in finding probable cause, determined that "Respondent has a blanket policy that affects all employees taking prescribed medications for injuries or illness. Further, evidence shows that employees are required to take leave if they are taking a physician's prescribed medication. Evidence shows that the Respondent's policy eliminates any person with a potential medical condition or disability on doctor prescribed medication from employment."

19. With the termination, Defendant impermissibly screened out Plaintiff through a drug test (42 U.S.C. §12112(b)), telling Plaintiff that he cannot work as a result of the prescription medication he takes for his impairment. Plaintiff was deprived of equal employment opportunities and otherwise adversely affected because of her use of prescription medication for an impairment. Accordingly, Defendant did violate the ADAAA.

20. Even after Plaintiff's termination, Defendant hired a law firm and sued him in Chancery Court of Davidson County for engaging in "misconduct" in an attempt to deny him unemployment benefits. In doing so, Defendant actually argued: "Bethany has a right to keep its employees free from drugs [including prescription drugs] while they are caring for its patients." This amounts, in sum and substance, to a misguided and illegal belief that Defendant can control the prescription medication taken by its employees, fire them for "misconduct" for

4

taking prescription medication, and then sue them too. Punitive damages are appropriate for this intentional and/or reckless deprivation of Plaintiff's rights.

21. For his damages, Plaintiff seeks equitable relief of reinstatement, injunctive relief of proscribing Defendant's action of barring Plaintiff from work with prescription medication(s), and monetary relief of: compensatory damages for humiliation, embarrassment, and pain suffered by Plaintiff;[5] lost wages and benefits (back pay and/or front pay); and punitive damages for reckless deprivation of his federally protected rights. Plaintiff seeks his reasonable attorneys fees and costs.

## VI. PRAYER FOR RELIEF

22. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff;

    D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

    E. Reasonable attorneys' fees;

    F. The costs and expenses of this action;

    G. Such other legal and equitable relief to which Plaintiff may be entitled; and

    H. Plaintiff further demands a Jury to try this cause.

---

[5] Plaintiff has exhausted his savings, used his 401k, and suffered shame and humiliation in addition to the financial distress.

5

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 023515)
5409 Maryland Way, Suite 150
Brentwood, TN 37037
Telephone: 615-354-1144
Fax:     731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com


Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Fax:     731-664-1540
jsalonus@gilbertfirm.com

***ATTORNEYS FOR PLAINTIFF***